EDWARD HUTCHINSON, Appellant, *v.* JAMES A. CASSIDY AND LINN COUNTY, Respondents.

1. *Contracts — Private sale by sheriff, under order of County Court, invalid, and may be disproved by parol evidence.* — A sale of land by the sheriff, under order of a County Court, at private sale, is invalid; and it is immaterial that the order did not require a public sale. The sheriff is imperatively controlled by the requirements of the statute (Wagn. Stat. 867, § 3).

And when, in suit against a county for specific performance of the contract of sale, it appeared from the certificate of sale by the sheriff that the land was sold at public auction, the county is not conclusively bound by the said recitals, but may show by evidence that in fact such sale was a private one.

*Appeal from Fourth District Court.*

*G. D. Burgess,* for appellant.

I. Even if the sheriff sold the land at private sale, he did not transcend his authority. (Wagn. Stat. 867, § 3.)

II. The defendants, Linn county, and Cassidy claiming under it, are estopped from denying that the land was sold by the sheriff at public sale, by the recitals in the sheriff's certificate. (2 Washb. Real Prop. 488, § 51; Wash v. Willard, 13 N. Y. 389; 4 Kent, 283; Stowe v. Win, 7 Conn. 214; Carver v. Jackson, 4 Pet. 83; Jackson v. Parkhurst, 9 Wend. 209; McClerhy v. Leadbeater, 1 Kelly, 551; Bean v. Parker, 17 Mass. 591; Wilkerson v. Scott, *id.* 247; Ketes' Heirs v. Shrader, 3 Litt. 447; Pennington v. Northern Ill. R.R. Co., 46 Ill. 297; Smith v. Price, 39 Ill. 28; Marshall v. Gridley, 46 Ill. 247.)

III. The parol evidence to contradict the recitals in the certificate of purchase issued by the sheriff to Hutchinson, especially when offered by the county, should have been rejected. Such evidence is inadmissible. (1 Greenl. Ev. 312, § 275; Reed v. Heirs of Austin, 9 Mo. 731, and authorities cited; Caldwell v. Layton, 44 Mo. 221; Jackson v. Gray, 12 Johns. 428; Jackson v. Vanderhayden, 17 Johns. 168; Stowe v. Vance, 6 Ohio, 249.)

*A. W. Mullins,* for respondents.

I. The sheriff had no right to sell the land at private sale. (Wagn. Stat. 867, § 3.) Such sale was invalid, and the plaintiff acquired no right to the property thereby. (McCormick v. Fitzmorris, 39 Mo. 31; Voorhies v. Bank of United States, 10 Pet. 449, 474–9; Moreau v. Detchemendy, 18 Mo. 522; Moreau v. Branham, 27 Mo. 351; 1 Sto. Eq., § 177.)

II. The rule as to contradicting written contracts does not apply where the action is between a party to the contract and a third person. Therefore the evidence contradicting the recitals in the sheriff's certificate to the plaintiff was proper and competent for that purpose. (1 Greenl. Ev., § 279; 2 Phill. Ev. 697. 4th Am. ed.; 2 Pars. Cont. 556–7, 5th ed.)

BLISS, Judge, delivered the opinion of the court.

On the 7th of August, 1866, the County Court of Linn county made an order directing the sheriff to "proceed and advertise and sell the swamp and overflowed lands belonging to Linn county, commencing on the 10th day of September, and continuing said sale from day to day until all is sold," etc., etc. The sheriff gave plaintiff a regular certificate of sale under said order, for eighty acres of such land, reciting that he offered the same for sale at public auction at the door of the court-house, etc.; that the plaintiff was the highest and best bidder for the same, having bid $160, giving security, etc.

The plaintiff brought his action for a title, making Cassidy, who subsequently purchased of the county, a party. The court below found that the sale was not made by the sheriff at the time of the public sale, as recited in his certificate, but three days thereafter, and at private sale, and it thereupon held the sale to have been invalid and not binding on the county. The plaintiff makes various objections to this holding, and claims, first, that the order of the County Court did not require that the sale should be at public auction. But the statute does require that the sale should be "at public vendue, to the highest bidder," and the sheriff was imperatively controlled by its requirements (Wagn. Stat. 867, § 3), and it does not matter whether the order of the County Court contained the requirement or not. Second, the plaintiff objected, upon the trial, to any evidence contradicting the recitals of the sheriff's certificate, and claims that the county and those who hold under it are conclusively bound by them.

The general subject of the power of public officers to bind the public by their official acts, and the necessity of conforming to the law in order to give any validity to their action, has been recently considered at length by this court in The State v. Bank of Missouri, 45 Mo. 528. We do not understand that the present plaintiff contests the doctrine of that case, or claims that if the law requires a sale at public vendue, a private sale would be valid only as made so by a falsehood on the part of the officer. And he now comes into a court of equity and demands a specific per-

formance of a contract by the county, void in itself, and which can only become a contract through such falsehood. · The claim has the merit of boldness, but does not appeal very strongly to the conscience of the court. In all this class of cases the public officer, if he is conscious of violating the law, will almost as a matter of course make correct papers; and if courts could not go behind them, the public would be placed almost entirely at his mercy. His personal responsibility would afford but a slight remedy.

The doctrine of estoppel, insisted upon by plaintiff's counsel, has no application to the case. A man may be estopped from disputing the recitals of his own deed, but he is not estopped from disputing the unauthorized declarations or acts of his agent. As well might a mere private agent or attorney in fact disregard his authority, and, in order to make his infidelity effectual, recite a known falsehood in a transfer of his principal's property to a fellow-conspirator; and to make the analogy complete, the purchaser should come into a court of equity and ask the chancellor to enforce the transfer because of this known false recital. In the case at bar, there is no evidence of actual fraud; but we can seldom know whether it exists or not, and our only safety is in holding agents to their authority, and giving effect to no departure from it.

The point made in regard to the equity of Cassidy is of no importance whatever, as it does not matter in the least whether the county subsequently disposed of the property or not.

The judgment is affirmed. The other judges concur.