PRIOR v. SCOTT, *Appellant.*

| 87 | 303 |
|----|-----|
| 98 | 681 |
| 87 | 303 |
| 103 | 36 |
| 87 | 303 |
| f138 | 292 |
| 87 | 303 |
| 159 | 653 |
| 87 | 303 |
| f161 | 187 |
| 87 | 303 |
| 173 | 4452 |

1. **Ejectment**: PRIOR POSSESSION : TRESPASS.　In actions of ejectment recovery on prior possession is generally limited to cases where the defendant is a mere intruder or trespasser, and does not extend to cases where he is in possession under color and claim of title.

2. ———: ———: PRESUMPTION.　Where the prior possessor has been turned out by an opposing claimant in judicial proceedings, all presumptions in the former's favor, growing out of said prior possession, if not terminated, are, at least, shifted in favor of his successful opponent.

3. **Swamp Land, Sale of by Sheriff**: TITLE.　A sale of swamp land by the sheriff, under an order of the county court authorizing him to sell such swamp lands as had been certified to the office of the county clerk by the state register of lands, will not be effectual in passing any title to the land where it had not been so certified when the sale was made.

4. **Swamp Land, Sale of by Commissioner**: DEED : TITLE.　A deed to swamp land, executed by the swamp land commissioner, in pursuance of a sale made by order of the county court, after the land has been patented by the state to the county, will pass to the grantee the title of the county.

5. **Deed, Description in.**　The description, "the south fractional

one-fourth of northeast quarter of section 3, etc., containing eighteen acres," in a deed is sufficient to cover the southeast fractional one-fourth of the northeast quarter of section three, where it appears that there is no other south fractional one-fourth of such quarter section containing eighteen acres.

*Appeal from Osage Circuit Court.*—Hon. A. J. Seay, Judge.

Reversed.

*L. C. Krauthoff* for appellant.

(1) The plaintiff was not entitled to recover. He had no title to the land sued for; certainly, no legal title; the evidence excludes a recovery upon the theory of a previous possession of the land; and the defendant had the title to the same. Laws 1851, pp. 238–40; R. S., secs. 6151–3, 6156; *Prior v. Lambeth*, 78 Mo. 538; *Dunklin County v. County Court*, 23 Mo. 449; *State ex rel. v. New Madrid County Court*, 51 Mo. 82; *Kile v. Tubbs*, 23 Cal. 431; *Saline County v. Wilson*, 61 Mo. 239; R, S., secs. 6200–2; *Railroad Co. v. Smith*, 41 Mo. 310. Laws 1857, 391–4; *State v. State Bank*, 45 Mo. 528; *Hutchinson v. Cassidy*, 46 Mo. 431. (2) The defendant, on the other hand, showed a v 'id title to the land. The misdescription of the land misled no one, and was satisfactorily explained, bringing the case fully within the rule under which the description must be regarded as covering the land in question. *Webster v. Blount*, 39 Mo. 500, 502; *McPike v. Allman*, 53 Mo. 551, 557–62, and cases cited; *Adkins v. Moran*, 67 Mo. 100; *Livingston County v. Morris*, 71 Mo. 603-5. (3) In no event can the plaintiff recover in ejectment, for he had not the legal title, and this was essentially necessary. *Thompson v. Lyon*, 33 Mo. 219; *Beal v. Harmon*, 38 Mo. 435; *Foster v. Evans*, 51 Mo. 39; *Ford v. French*, 72 Mo. 250; *Hunt v. Railroad Co.*, 75 Mo. 252; *Dunlap v. Henry*, 76 Mo. 106. Prior had no shadow of a title,

either legal or equitable. As holder of Waters' certificate of purchase, he could not maintain ejectment. *Pickett v. Jones*, 63 Mo. 195. Certainly not as against the defendant, who is the holder of a patent from the county for the same land. *Griffith v. Deerfelt*, 17 Mo. 31 ; *Bagnell v. Broderick*, 13 Pet. 436 ; *Wilcox v. Jackson*, 13 Pet. 498. (4) There is neither claim nor proof of title in plaintiff by adverse possession, but the rule was invoked by the court, that neither party had shown a good paper title, and consequently Prior's possession in 1874 entitled him to recover as against this defendant. But this rule obviously has no application in this case. Scott did not rest his defence upon naked possession alone, but claimed title, and at the very least, had color of title. He was not in any sense of the term a trespasser. *Bledsoe v. Simms*, 53 Mo. 305, 309. More than that, his possession was based upon a recovery of it in an action of ejectment against the plaintiff, and he received it by virtue of process issued on the judgment in his favor in that case. *Bledsoe v. Simms, supra*. In cases like this, also, where the prior possessor has been turned out by an opposing claimant in judicial proceedings, all presumptions in his favor, growing out of said prior possession if not terminated, are at least shifted in favor of his successful opponent. *Jackson v. Rightmyre*, 16 Johns. 325-6 ; *Jackson v. Tuttle*, 9 Cow. 283 ; *Whitney v. Wright*, 15 Wend. 171 ; *Dunn v. Miller*, 75 Mo. 260, 272-3.

*Silver & Brown* for respondent.

(1) Plaintiff's prior possession under color of title was sufficient to authorize his recovery. Defendant not having the title paramount was an intruder. *Shumway v. Phillips*, 22 Pa. St. 151 ; *Ellethorp v. Dewing*, 1 Chipman (Ver.) 141 ; *Lum v. Read*, 53 Miss. 524 ; *Kelly*

*v. Mack*, 49 Cal. 523 ; *Schultz v. Arnot*, 33 Mo. 472 ; Malone on Real Property Trials, 99 ; 2 Greenleaf Evidence, sec. 311.    (2) The plaintiff was in possession for nearly twenty years, through himself and those from whom he bought, prior to the commencement of the action of *Scott v. Prior*.    Such possession was equivalent to a deed.    *Allen v. Mansfield*, 82 Mo. 688 ; *Kelly v. Mack*, 49 Cal. 523.    (3) The commissioner's deed, under which defendant claims, conveyed no title.    There was no description of the premises purported to be conveyed.

NORTON, J.—This is a suit in ejectment to recover possession of the southeast fractional quarter of the northeast fractional quarter of section 3, township 43, range 7, in Osage county, containing eighteen acres.    The answer admits possession by defendant, but denies plaintiff's right to recover.    Plaintiff had judgment, from which defendant has appealed.

Plaintiff, in support of his title or claim, put in evidence tending to show that the land in controversy was selected in 1851, as swamp land, and that the sheriff of Osage county, by virtue of an order of the county court of said county, made at its February term, 1868, directing him to "offer at public auction all the swamp lands in and belonging to Osage county, as certified to the office of the county clerk of said county by the register of lands of the state of Missouri," sold the land in controversy to D. A. Waters at $1.25 per acre, received the price bid, and issued to Waters a certificate of purchase. An order of the county court approving the report of sale of swamp lands was also put in evidence.    This order does not set out the report, nor does it show that it included the land in controversy.

Waters testified that he received the certificate of purchase after paying his bid ; gave it to his attorney, McCord, to procure him a deed ; that McCord was dead, and he had not seen the certificate since he gave it to

him; that about three months after his purchase he sold his interest to plaintiff, Prior; that he never got a deed or patent from the county; the court refused to make the order; that he never made deed to Prior; never gave him any writing; never assigned to him certificate of purchase; that when he sold to Prior, Peter Flick was in possession of the land. Flick testified that he bought the "improvement" on the land in 1861, and remained in possession till he sold to Prior; that he only bought the improvement on the land; that he never lived on the land, nor any one before him; that when he sold to Prior he neither made him a deed nor gave him any other writings, nor did he put him in possession.

The plaintiff, on his own behalf, testified as follows: "I was present at the sale of the land to Waters; I afterwards bought Waters out; I bought Flick's claim in 1870 or 1871; he attended to the land one year, then my brother made a crop there; I leased to defendant, Scott; Scott took possession under the lease; I regained possession by an action of unlawful detainer and turned Scott out; Scott then brought an ejectment suit and turned me out, by the sheriff, under a writ; I then brought this suit against Scott; I think I had some writing from Flick; I never bought the land from Flick, but only the improvements; I never made any claim to the land except under my purchase from Waters in 1868; nobody claimed the land before that; what I bought from Flick was a house and stable on the land, and other improvements; the lease made to Scott was not in evidence in the ejectment suit of Scott against me."

It appears that at the time the county court made its order in February, 1868, directing the sale of swamp lands, that the land in controversy had not been certified as swamp lands by the register of lands to the county clerk, but that the patent from the state therefor to Osage county was issued in August, 1869. It was then admitted by plaintiff that in pursuance of a judgment

rendered in an ejectment suit commenced by Scott against him in March, 1879, plaintiff was ousted of his possession and defendant, Scott, put in possession of the land in controversy.

Defendant then offered an order of the county court, made April 10, 1873, directing the swamp land commissioner to sell "the south fractional half of the northeast quarter of section 3, township 43, range 7, in two tracts as follows: Eighteen acres, the south fractional quarter of northeast quarter of section 3, township 43, range 7, and 34-40 acres, the southwest fractional quarter of northeast quarter, section 3, township 43, range 7." Defendant also put in evidence an order of said court, made on the twenty-sixth of May, 1873, approving the commissioner's report, stating that he "had sold the southwest fractional one-fourth of said section 3, to Samuel Lambeth; and the south fractional one-fourth of northeast quarter section 3, township 43, range 7, containing eighteen acres, at the price of $25.50 per acre, to John P. Scott." Defendant, also, put in evidence a deed from said commissioner, conveying to said Scott the south fractional one-fourth of northeast quarter of section 3, township 43, range 7, north of Gasconade river, containing eighteen acres. Evidence was also offered for the purpose of showing that the land, as described in the deed, applied to the land sued for.

The circuit court tried the case on the theory that neither plaintiff nor defendant had shown title to the land in dispute, and that plaintiff was entitled to recover on his prior possession, without reference to the time he had been in possession, notwithstanding the fact that defendant held the possession of the land under a judgment of the circuit court, rendered in the ejectment suit brought by defendant against plaintiff. The instructions given on behalf of plaintiff embraced this theory, and the action of the court in giving them and trying the case on the above theory was erroneous under the rulings of

this court in the following cases : *Bledsoe v. Simms*, 53 Mo. 315; *Dunn v. Miller*, 75 Mo. 260. In these cases, it is said, the doctrine of allowing a recovery on prior possession generally is limited to a case where the defendant is a mere intruder or trespasser, and does not extend to cases where defendant is in possession under claim and color of title. Where the prior possessor has been turned out by an opposing claimant in judicial proceedings all presumptions in his favor, growing out of said prior possession, if not terminated, are at least shifted in favor of his successful opponent.

The sale made by the sheriff, in 1868, to Waters was ineffectual in passing to him any title to the land, inasmuch as he was only authorized to sell such swamp lands as had been certified to the office of the county clerk by the state register of lands, and inasmuch as the land in dispute had not been so certified when the sale was made. *Hutchison v. Cassidy*, 46 Mo. 431 ; *State v. State Bank*, 45 Mo. 528. The land in question having been patented by the state to Osage county in 1869, the deed executed by the swamp land commissioner in 1873 to defendant in pursuance of a sale made by order of the county court was effectual in passing to him the title of the county.

It is insisted that this deed did not pass the title because the description of the land in the deed is so vague and uncertain that the land cannot be identified. The description is as follows: "The south fractional one-fourth of northeast quarter of section 3, township 43, range 7, north of Gasconade river, containing eighteen acres." It is claimed that the south fractional one-fourth of northeast of section three, etc., may apply either to the southeast fractional quarter or southwest fractional quarter of section three, and is, therefore, void. If this were all the description, there would be something in the point made. It does not, however, stop there, but conveys eighteen acres of the south fractional quarter, and as it appears that both the southeast and southwest quar-

ters of the northeast quarter, section three, were fractional, the southwest fractional quarter, containing 34-40 acres, and the southeast fractional quarter, containing eighteen acres, there is no other south fractional quarter of section three to which the description could apply but the southeast fractional quarter. This deed, in so far as it relates to the description, falls within the class of cases of which *McPike v. Allman*, 53 Mo. 551, and *Webster v. Blount*, 39 Mo. 500, are representatives.

The question as to whether plaintiff had acquired title by adverse possession was not considered in the trial below. No instruction was given on that subject, and we do not feel called upon to discuss it.

Judgment reversed and cause remanded, in which all concur.