## HALL v. GREGG, *Appellant*.

### Division One, March 23, 1897.

1. **Swamp Lands:** SALE BY COUNTY: DEED OF COMMISSIONER. Under section 6515, Revised Statutes 1889, giving county courts full power to sell swamp lands, and under section 2398, Revised Statutes 1889, authorizing the court to appoint a commissioner to sell real estate belonging to the county, and providing that the deed of such commissioner shall convey to the purchaser all the right, title, interest and estate of the county in such land, a deed by a swamp land commissioner for lands patented to the county, made in pursuance of an order of court directing him to make the same, will pass to the grantee the title of the county, notwithstanding section 6464, Revised Statutes 1889, says the county court shall cause the clerk to issue a patent to the purchaser of swamp lands, "which patent shall be signed by the

presiding judge of the county court, countersigned by the clerk, and recorded in the swamp land patent book." (Following *Prior v. Scott*, 87 Mo. 303, and *Wilcoxon v. Osborn*, 77 Mo. 621, and distinguishing *Sturgeon v. Hampton*, 88 Mo. 203.)

2. Ejectment: PRACTICE: OUTSTANDING EQUITIES. Where the issues in a cause are joined wholly on the legal title, the answer being a general denial, the court has nothing to do with outstanding equities.

*Appeal from Gentry Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*A. W. Mullins* and *Hugh C. Smith* for appellant.

(1) County courts in disposing of swamp lands are but the agents of the county with powers limited and defined by law, and their acts, where they exceed their powers, are void. *Sturgeon v. Hampton*, 88 Mo. 203; *Railway Co. v. Hatton*, 102 Mo. 45. (2) And like other agents they must pursue their authority and act within the scope of their powers. *State ex rel. etc. v. Harris*, 96 Mo. 29; *Wolcott v. Lawrence Co.*, 26 Mo. 272; *Steines v. Franklin Co.*, 48 Mo. 167; *Saline County v. Wilson*, 61 Mo. 237. (3) All persons dealing with county courts are bound to take notice of the extent of their power and authority. *Butler v. Sullivan County*, 108 Mo. 630. (4) The order of the county court directing Luther Collier as swamp land commissioner to execute a deed to the land in question to George Hall, the plaintiff, was made without authority of law and the objections to its admission in evidence should have been sustained, for several reasons: *First.* The county court acting in its ministerial capacity as agent for the county, could authorize the sale of the land but had no jurisdiction or power to determine the question as to the plaintiff's ownership of the land. *Second.* The evidence, so far as this record discloses, did not

show plaintiff's ownership of the alleged Samuel Rooks' claim of title; and, *third*, the county court had no authority to constitute Luther Collier, as swamp land commissioner, or otherwise agent, to convey the land. (5)    The plaintiff adduced in evidence no title to the land, unless it be through the deed from Luther Collier as swamp land commissioner to the plaintiff.    But this deed is invalid and void for want of authority on the part of Collier to make it.    R. S. 1889, sec. 6464; *Sturgeon v. Hampton,* 88 Mo. 203.

   *Homer Hall* for respondent.

   (1)    The certified list of swamp lands from the register of lands at Milan, the order of the county court ordering the land sold, and the report of the sale of the land by the sheriff, were all in accordance with the statutes and were competent evidence for the purpose offered.    R. S. 1855, ch. 93, secs. 1, 2, 3 and 7; *Prior v. Scott,* 87 Mo. 303; *Barton Co. v. Walser,* 47 Mo. 189; *Wilcoxon v. Osborn,* 77 Mo. 621; *Wickersham v. Woodbeck,* 57 Mo. 59.    (2)    The order of the county court was sufficient to authorize Collier, the county commissioner, to make the deed to plaintiff.    The law enacted by the legislature, approved March 10, 1866, took from the register of lands and governor, the power to make patents to individual purchasers for swamp lands, and authorized the patent to be made directly to the counties.    And section 6 of that act gave the counties full power to sell and dispose of all such lands in like manner and with like effect, as provided by the general statutes for the conveyance of other lands belonging to the counties.    Under this law the patent read in evidence from the State to the county was made.    And under this law the county court was vested with absolute power and authority over swamp

lands, and had the authority to make the order directing Collier, the county commissioner, to make the deed read in evidence, from the county to plaintiff. R. S. 1879, sec. 6200 to 6206 inclusive. R. S. 1889, secs. 6510 to 6516 inclusive. (3) The county court had authority to appoint a commissioner to convey its lands, and his deed conveyed to plaintiff the county's title to the same. G. S. 1865, sec. 4, ch. 109, p. 444; R. S. 1879, sec. 671; R. S. 1889, sec. 2398; *Williams v. Brownlee*, 101 Mo. 309; *Alt v. Stoker*, 127 Mo. 466; *Alt v. Norman*, 128 Mo. 330; *Pool v. Brown*, 98 Mo. 675.

BRACE, J.—This is an action in ejectment to recover eighty acres of land in Grundy county, described in the petition, in which the plaintiff obtained judgment below and the defendant appeals.

The answer is a general denial. The tract of land in question is part of the swamp lands granted to the State of Missouri by act of Congress approved September 28, 1850, patented to the State August 13, 1858, and by the State patented to the county of Grundy October 26, 1869. The plaintiff claims title under a deed by Luther Collier, swamp land commissioner of Grundy county, executed in pursuance of an order of the county court of said county, made at May term, and on the fifth day of May, 1893, as follows:

"It being shown by the records of this office that Wm. C. Harvey, by an order of the county court, on the second day of July, 1855, sold the south half of the northeast quarter of section 30, 61, range 22, and that Samuel Rooks became the purchaser of the same at $24, it being shown to the satisfaction of the court at this time that Geo. Hall is the owner of said land as assignee of John M. Voris, assignee of Samuel D. Luke, assignee of Lucy E. Hotchkiss and Thomas Hotchkiss, the only heirs at law of John H. Bristo,

deceased, who was assignee of the said Samuel Rooks, the original purchaser; it also appearing from the records of this office that full and complete payment has been made for the purchase of said land, it is, therefore, ordered that Luther Collier, swamp land commissioner, be instructed to make deed to Geo. Hall, the assignee aforesaid, and the owner of said land.''

On the trial it appeared from the record of the county court of said county that at the June term thereof and on the fifth day of June, 1855, said court ordered that all the swamp lands of said county remaining unsold be offered for sale at the minimum price of thirty cents per acre, and from the report of William C. Harvey, sheriff of said county, made to said court at the July term, 1855, thereof, it appeared that the land in question in pursuance of said order was sold to Samuel Rooks for the sum of $24, and the plaintiff introduced evidence tending to prove that Rooks received a certificate of his purchase, traded his interest in the land to J. H. Briscoe, to whose interest Lucy E. Hotchkiss succeeded and introduced *mesne* conveyances showing that he succeeded to the title of Lucy E. Hotchkiss. The defendant claimed title under a deed from Martha J. Dawes and husband, dated November 14, 1891, in whom, however, no title was shown.

That the legal title to the land was vested in the county; that Rooks, by his purchase and the payment of the purchase money, acquired the equitable right to have the land conveyed to him; that it was the duty of the county court to make such conveyance to him or his assignee, and that the deed of Collier, commissioner, to the plaintiff under the order aforesaid was made in the discharge of that duty, are conceded, and

the only question in the case is, did that deed pass the legal title to the plaintiff?

Counsel for the defendant contends that it did not, for the reason that county courts disposing of the swamp lands are but the agents of the county, with powers limited and defined by statute, which must be strictly pursued, and of which all persons must take notice, and by section 6464, article 3, chapter 97, which article is entitled "Swamp and Overflowed Lands," it is provided that:

"Whenever full payment shall be made for any of said land by the purchaser thereof, the county court shall cause the clerk of said court to issue to the purchaser or purchasers, his or their heirs or assigns, a patent for the same, which patent shall be signed by the presiding judge of the county court, counter-signed by the clerk, and recorded in the swamp land patent book, in the office of the county clerk." As the conveyance in question was not so executed, the contention might be sustained, but for the following other provisions of the statute: By section 6515, of the same article and chapter, it is provided that: "The several county courts shall have full power and control over all such overflowed and swamp lands patented to their respective counties under the provisions of this article, and to sell and dispose of the same in like manner and with like effect as is or may be provided by law for the conveyance of other real estate belonging to their respective counties," and by section 2398, Revised Statutes 1889, it is provided that: "The county courts may by order appoint a commissioner to sell and dispose of any real estate belonging to their county, and the deed of such commissioner, under his proper hand and seal, for and in behalf of such county, duly acknowledged and recorded, shall be sufficient to convey to the purchaser all the right, title, interest

and estate which the county may then have in or to the premises so conveyed.'' And as the deed in question was executed in strict compliance with the requirements of these provisions of the statute, the legal title which was by statute vested in the county, passed to the plaintiff, even though it be conceded that a conveyance made in accordance with the requirements of section 6464 would have the same effect. *Wilcoxon v. Osborn*, 77 Mo. 621. "A deed to swamp land, executed by the swamp land commissioner, in pursuance of a sale made by order of the county court, after the land *has been patented by the State to the county, will* pass to the grantee the title of the county." *Prior v. Scott*, 87 Mo. 303. There is nothing in *Sturgeon v Hampton*, 88 Mo. 203, in which it was held that swamp lands were held in trust by the counties for the purposes for which they were granted and must be disposed of in the manner required by statute, in conflict with the ruling of the two precedent cases. Holding, then, that the legal title to the premises passed by virtue of the conveyance by Collier, commissioner, made in pursuance of the requirements of sections 6515 and 2398, it becomes unnecessary to determine whether a conveyance executed in pursuance of section 6464 would or would not have the effect of passing such title. It is suggested in the brief of counsel for defendant, that the evidence was not sufficient to show that the equitable title of Rooks was vested in the plaintiff. While all the evidence there was tended to support the recitals in the order of the county court, and to show that it was so vested, that question was not before the court in this case, in which issue was joined solely on the legal title. With outstanding equities, if any, the court had nothing to do.

The judgment is affirmed. All concur except ROBINSON, J., absent.